```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUBI MEHMETI,

                    Plaintiff,

        v.

JOFAZ TRANSPORTATION, INC.,

                    Defendant.
------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 22 2019 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

19-CV-4692 (WFK)(LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Subi Mehmeti ("Plaintiff"), proceeding *pro se*, filed the above-captioned Complaint on April 12, 2019 in the United States District Court for the District of Columbia. He paid the filing fee to commence this action. The Complaint names Plaintiff's former employer, Jofaz Transportation, Inc. ("Jofaz" or "Defendant") as the sole defendant and raises claims related to Plaintiff's termination of employment in 2012 – claims Plaintiff previously raised in at least four prior actions. The District of Columbia transferred the action to this Court on July 26, 2019 and denied Plaintiff's motion for reconsideration of that Order on August 9, 2019. As Plaintiff's previous lawsuits alleging the same facts and legal claims were dismissed, the instant action is dismissed under the doctrines of *res judicata* and collateral estoppel.

The instant Complaint alleges Plaintiff's termination on October 3, 2012 violated his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Plaintiff has previously litigated this issue. *See Mehmeti v. Jofaz Transp., Inc.*, No. 12-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015) (Glasser, J.) (dismissing Plaintiff's FMLA claims), *aff'd*, 649 F. App'x 112 (2d Cir. 2016); *Mehmeti v. Jofaz Transportation, Inc.*, No. 16-CV-7085, 2017 WL 396670 (E.D.N.Y. Jan. 25, 2017) (Kuntz, J.), *amended complaint dismissed*, 2017 WL 908192 (E.D.N.Y. Mar. 7, 2017) (Kuntz, J.) (dismissing Plaintiff's claims under Title I of the

Americans with Disabilities Act), *appeal dismissed,* No. 17-721 (2d Cir. Jun. 5, 2017) (Issued as Mandate, July 26, 2017), *cert. denied,* 138 S.Ct. 503 (2017); *Mehmeti v. Jofaz Transportation, Inc.,* No. 18-CV-426, Slip op. (E.D.N.Y. Feb. 9, 2018) (Kuntz, J.) (dismissing the complaint under the doctrines of collateral estoppel and *res judicata*), *appeal dismissed,* No. 18-477 (2d Cir. May 24, 2018) (Issued as Mandate, Jun. 14, 2018), *cert. denied,* 139 S.Ct. 327 (2018); *Mehmeti v. Jofaz Transportation, Inc.,* No. 19-CV-263, Slip op. (E.D.N.Y. Feb. 9, 2018) (Kuntz, J.) (dismissing the complaint under the doctrines of collateral estoppel and *res judicata*).

This Complaint, too, must be dismissed. Collateral estoppel (issue preclusion) and *res judicata* (claim preclusion) "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 731 (2d Cir. 1998). "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id. Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.,* 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.,* 198 F.3d 85, 88 (2d Cir. 1999).

The instant Complaint includes voluminous medical records, but the underlying factual allegations and FMLA claim are the same claims that were previously raised in Docket Numbers 12-CV-5880, 16-CV-7085, 18-CV-326, and 19-CV-263. These claims are thus precluded by *res judicata* and collateral estoppel. Accordingly, the Complaint is dismissed.

## CONCLUSION

The Complaint is dismissed under the doctrines of *res judicata* and collateral estoppel. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

WILLAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
August 22, 2019